**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve G. Thomas,<br><br>    Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank, National Association dba Wells Fargo Home Mortgage; Wells Fargo, N.A., a corporation, dba Wells Fargo Home Mortgage and Wells Fargo Home Equity; Wells Fargo Home Mortgage, a corporation or National Banking Association, dba Indymac, FSB; First American Title Insurance Company of Arizona, a corporation; John Doe I-X and Jane Doe I-X, husband and wife; Black Corporations I-X,<br><br>    Defendants. | No. CV-10-901-PHX-GMS<br><br>**ORDER** |

    Pending before the Court are: (1) a Motion for Summary Judgment (Doc. 29), filed by First American Title Insurance Company ("Defendant"); and (2) a Motion to Strike and Motion to Amend (Doc. 36), filed by Steve G. Thomas ("Plaintiff"). For the following reasons, the Court denies Defendant's Motion for Summary Judgment, and denies as moot Plaintiff's Motion to Strike and Motion to Amend.

**BACKGROUND**

    The facts giving rise to Plaintiff's lawsuit which are generally undisputed are as

follows. (Doc. 29; Doc. 36). In the summer of 2006, Plaintiff purchased real property at 3644 East Maffeo Road in Phoenix, Arizona. Plaintiff obtained a $720,000 loan from Wells Fargo Bank, N.A. ("Wells Fargo") to finance a portion of the purchase. Plaintiff also obtained a $90,000 ($85,000 less loan fees, etc.) home improvement loan from Wells Fargo to complete landscaping on the purchased property. The funding of the $85,000 home improvement loan was held back in escrow with Defendant pending Plaintiff's completion of the landscaping. Approximately six months after the close of escrow, Plaintiff completed the landscaping and requested that Defendant release to him the $85,000. Defendant stated that it did not have the $85,000, which was in the possession of Wells Fargo. Wells Fargo used the $85,000 then in its possession to pay down principal on Plaintiff's $720,000 loan. Plaintiff contends that Defendant removed his $85,000 loan from escrow and returned it to Wells Fargo without his knowledge and permission, which constituted a breach of contract.

## DISCUSSION

### I.  Motion for Summary Judgment

#### A.  Legal Standard

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact *because they may reasonably be resolved in favor of either party*.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).

#### B.  Analysis

Plaintiff seeks to recover damages from Defendant for breach of contract. (Doc. 1, Ex. A). "It is well established that, in an action based on breach of contract, the plaintiff has the burden of proving the existence of a contract, breach of the contract, and resulting damages." *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170, 83 P.3d 1103, 1111 (App. 2004) (citing *Thunderbird Metallurgical, Inc. v. Ariz. Testing Lab.*, 5 Ariz. App. 48, 423 P.2d 124 (1967)). Defendant seeks summary judgment on the resulting damages (third) element of Plaintiff's breach of contract claim.[1] (Doc. 29). In a breach of contract claim, "[t]he determination of damages is one of fact." *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 710 (9th Cir. 1990). In calculating damages, "the applicable damages are always the sum which will put the party in as good a position as if the contract had been fully performed." *Fairway Builders, Inc. v. Malouf Towers Rental Co., Inc.*, 124 Ariz. 242, 255, 603 P.2d 513, 526 (App. 1979). Defendant claims that Plaintiff did not suffer damages, as a matter of law, even if Defendant breached a contract it had with Plaintiff. (*Id.*). Defendant asserts that because its return of the $85,000 home improvement loan to Wells Fargo resulted in the paying down of the principal of the $720,000 debt Plaintiff owed Wells Fargo, Plaintiff "received a dollar-for-dollar benefit" as a result of Defendant's breach. (*Id.*). Defendant essentially argues that even though Plaintiff did not directly receive the funds owed to him, Plaintiff received them indirectly through the paying off of his debt. (*See id.*).

Defendant cites the following to support its claim: "[i]t is the policy of the law in civil cases to award only those damages which will fairly and adequately compensate the injured party." *Higgins v. Guerin*, 74 Ariz. 187, 193, 245 P.2d 956, 959 (1952). This language suggests that there are limits to what a plaintiff can recover, but it does not require that these determinations be made as a matter of law. *See id.* The court held in *Higgins* that if a plaintiff

---

[1] In its Motion for Summary Judgment, Defendant "denies that it breached any contract," suggesting that it was challenging the second element of Plaintiff's claim. (Doc. 29). However, in its Reply, Defendant clarifies its argument: "First American's Motion only argued one thing – that [P]laintiff was not damaged by [Defendant's] purported wrongdoing." (Doc. 39). Thus, Plaintiff only challenges the third element of Plaintiff's breach of contract claim.

1 is not entitled to use of an object, then the plaintiff is not entitled to recover damages for defendants' use of the object. *See id.* at 191–92, 245 P.2d at 958–59. Neither the specific language cited by Defendant nor the court's holding in *Higgins* support Defendant's proposition that a non-breaching party has no damages, as a matter of law, if it has a debt paid down instead of receiving actual payment from a party breaching a contract.

Defendant also relies on the following language in support of its claim that Plaintiff has not been damaged as a matter of law: "[t]he familiar aim of compensatory contract damages, the computation of which is hardly an exact science is to yield the net amount of the losses caused and the gains prevented by the breach of contract." *A.R.A. Mfg. Co. v. Pierce*, 86 Ariz. 136, 141, 341 P.2d 928, 932 (1959) (internal citation omitted). Defendant asserts that the net amount of losses and gains as a result of its alleged breach of contract with Plaintiff is zero because Plaintiff had his debt paid down in the amount owed to him by Defendant. (Doc. 29). However, *Pierce* held that a non-breaching party could recover damages liberally despite a lack of specific jury instructions, which conclusion is inapposite to the holding desired by Defendant. 86 Ariz. 141–42, 341 P.2d at 932. In fact, *Pierce* seems to suggest a more flexible approach to determining damages, taking into consideration the specific circumstances at issue. Thus, neither of the two cases cited by Defendant establish that it is entitled to judgment as a matter of law regarding the damages element of Plaintiff's breach of contract claim.

Moreover, in response to Defendant's claim, Plaintiff presents sufficient evidence to create a genuine issue of material fact as to the damages he sustained as a result of Defendant's alleged breach of contract. Plaintiff argues that although he received an $85,000 reduction on the principal of his $720,000 loan, he suffered at least $85,000 in damages because of Defendant's breach of contract. (Doc. 36). Plaintiff claims that he paid $105,000 cash in landscaping expenses for the 3644 East Maffeo Road property in reliance on Wells Fargo's promise to loan him $85,000 upon his completion of the work. (*Id.*) Plaintiff claims that because he used his own funds to pay for the landscaping, and was not reimbursed with the loan money as required by contract, he lost personal liquidity. (*Id.*) Plaintiff claims that

1  had Defendant performed its end of the contract, Plaintiff could have used the $85,000 loan he would have received from Defendants to pay Wells Fargo interest-only payments on his $720,000 loan, thereby avoiding foreclosure on the property. (*Id*.)

Plaintiff's claims of damages are sufficient to establish a question of fact as to whether he was put "in as good a position as if the contract had been fully performed" by Defendant. Because a genuine issue of material fact exists as to the damages element of Plaintiff's breach of contract claim, Defendant's Motion for Summary Judgment is denied.

**II.     Motion to Strike**

Plaintiff filed a Motion to Strike (Doc. 36) paragraphs four and five, and corresponding exhibits, from Flo Ludwig's affidavit because they are inadmissible hearsay. (Doc. 30). The Court will deny this Motion to Strike as moot, however, because it does not take Ludwig's affidavit into account when considering the Motion for Summary Judgment.

**III.    Motion to Amend**

Plaintiff filed a Motion to Amend his Complaint to allege Defendant's misapplication of escrowed monies and breach of its fiduciary duty in the event that the court grants Defendant's Motion for Summary Judgement. (Doc. 36). The Court will deny this Motion to Amend as moot, however, because the Court is not granting Defendant's Motion for Summary Judgment.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 29) is **DENIED**.
2. Plaintiff's Motion to Strike (Doc. 36) is **DENIED** as moot.
3. Plaintiff's Motion to Amend (Doc. 36) is **DENIED** as moot.

DATED this 20th day of July, 2011.

_____
G. Murray Snow
United States District Judge