**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve G. Thomas,<br><br>    Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank, N.A., et al.,<br><br>    Defendants. | No. CV-10-901-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Quash Lis Pendens brought pursuant to A.R.S. § 33-420 (B) (2007), Doc. 57. This statute allows the beneficial title holder of real property to bring an action "to clear title to the real property" that has had an unmerited lis pendens placed upon it. For the reasons state below, that motion is granted.

Plaintiff filed a lis pendens with the Maricopa County Recorder's office on April 21, 2010 on 3644 E. Maffeo Road in Phoenix, Arizona 85050 – the property that is at issue in this case. The lis pendens states "this litigation relates to the title of the following described real property." As the text of Plaintiff's lis pendens suggests, "[i]t is well established that a lis pendens may not be predicated on an action or suit for money damages but applies only to an action or suit which directly affects the title to the real property." *Coventry Homes, Inc. v. Scottscom P'ship,* 155 Ariz. 215, 217, 745 p.2d 962, 964 (Ct. App. 1987)*, see also Santa Fe Ridge Homeowners' Ass'n v. Bartschi,* 219 Ariz. 391, 395, 199 P.3d 646, 650 (Ct. App.

2008).

In the matter pending before this Court, Plaintiff has some remaining claims for damages, but claims in which Plaintiff made a claim to title to the property have all been dismissed. Doc. 18. Further, pursuant to Arizona statute, Plaintiff has no right to challenge the trustee's sale and hence can raise no claims to title.

A.R.S. § 33-811(C) (2007) specifies that:

> The trustor, its successors or assigns, . . . shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona Rules of Civil Procedure, entered before 5:00 p.m. Mountain standard time on the last business day before the schedule date of the sale.

The record in fact reveals that Plaintiff did not obtain injunctive relief against any of the Defendants prior to the foreclosure sale.

Plaintiff's argument concerning the applicability of this statute is that the lis pendens is only notice of an action, not an action itself, and hence is unaffected by A.R.S. 33-811(C). Plaintiff further asserts that the action does involve title to the property.[1] These arguments are unpersuasive. Section 33-811(C) prevents Plaintiff from challenging the trustee's sale. Plaintiff has asserted no other basis on which it can challenge the title to the property. If Plaintiff has no right to challenge the title to the property, he has no right to file a notice of a legal challenge to the title to the property.

Plaintiff asserts that he did not have time to request an injunction at state court. Nevertheless, the statute puts the burden on the Plaintiff to prepare the necessary evidence to obtain a preliminary injunction or a temporary restraining order, and bring it before the court, if necessary in an emergency motion, so that the court can rule prior to the occurrence of the foreclosure sale.

Arizona courts "give effect to the plain meaning of [this] statute" and thus Plaintiff's failure to seek an injunction pursuant to Rule 65 before the sale was held, "waived any

---

[1] Plaintiff's other arguments are all subsumed in his failure to obtain preliminary injunctive relief.

defense or objection to the sale." *Luciano v. WMC Mortgage Corp.,* 2010 WL 1491952 (Ariz. Ct. App. April 13, 2010). This Court does not make and cannot alter state law, rather it applies it. The law in question does not provide leeway for self-representing homeowners. Thus, no arguments or assertions raised by Plaintiff, even if true, can be used to contest the non-judicial foreclosure of the subject property. Therefore, Plaintiff can assert no claim to title in the subject property, despite the fact that he may have remaining damage claims.

**IT IS THEREFORE ORDERED** granting the Motion to Quash Lis Pendens (Doc. 57) and quashing the lis pendens recorded with the Maricopa County Recorder's Office on April 21, 2010, regarding the property located at 3644 E. Maffeo Road, Phoenix, Arizona 85050, bearing recording number 20100336001. Defendant is awarded its attorneys' fees incurred in bringing this motion upon its compliance with LRCiv. 54.2.

DATED this 29th day of August, 2011.

_____
G. Murray Snow
United States District Judge