1   **WO**

2

3

4

5

6                            IN THE UNITED STATES DISTRICT COURT

7                             FOR THE DISTRICT OF ARIZONA

8

| | | |
|---|---|---|
| 9   Steve G. Thomas, | ) | No. CV-10-901-PHX-GMS |
| | ) | |
| 10         Plaintiff, | ) | **ORDER** |
| | ) | |
| 11   vs. | ) | |
| | ) | |
| 12 | ) | |
|   Wells Fargo Bank, National Association | ) | |
| 13   dba Wells Fargo Home Mortgage, et al., | ) | |
| | ) | |
| 14         Defendants. | ) | |

15

16

17       On April 2, 2012, the Court issued an Order granting in part and denying in part

18 Defendant Wells Fargo's Motion for Summary Judgment.[1] (Doc. 90). Pending before the

19 Court is Defendant Wells Fargo's Motion for Reconsideration of the April 2 Order. (Doc.

20 92). For the reasons discussed below, Plaintiff is ordered to respond to the Motion for

21 Reconsideration.

22       Generally, motions to reconsider are appropriate only if the Court "(1) is presented

23 with newly discovered evidence, (2) committed clear error or the initial decision was

24 manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist.*

25 *No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A

26 motion for reconsideration should not be used to ask a court "to rethink what the court had

27

28       [1] The facts and background pertaining to this action are set out in much greater detail in the Court's April 2 Order. (Doc. 90).

1  already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing,*
2  *Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)).

3    Wells Fargo first contends that Plaintiff has not adequately established the damages
4  element of his claims. (Doc. 92 at 6–9). To be sure, Plaintiff has failed to establish a genuine
5  issue for most of his damages theories. He has not, for instance, submitted evidence to
6  support his claim that absent Wells Fargo's misapplication of the escrowed funds he would
7  have been entitled to a tax deduction, or that he was damaged by having to pay interest on
8  the escrowed funds or the Second Loan. Nor has he established a genuine issue that he is
9  entitled to unjust enrichment or improper deficiency damages. The only damages theory
10 which Plaintiff may have preserved is his "loss of personal liquidity" damages theory. (*See*
11 Doc. 54 at 5).

12   To succeed on this loss of personal liquidity theory at trial, Plaintiff must establish,
13 among other things, a causal link between Wells Fargo's breach of the Escrow Agreement
14 and Plaintiff's alleged loss of liquidity. Plaintiff must therefore identify admissible evidence
15 that he completed a portion of the agreed-upon improvements.

16   The only evidence cited by Plaintiff thus far of the completion of improvements is
17 Exhibit "M." (*See* Doc. 85 at 4). Exhibit M, however, is a summary of evidence; it does not,
18 itself, constitute admissible evidence. (*See* Doc. 85 at 13). It appears that there may be other
19 evidence in the record regarding the completion of some of the improvements. (*See, e.g.,*
20 Doc. 58, Ex. A). Plaintiff does not cite to such evidence in his Response, however, nor has
21 he demonstrated that such evidence is admissible. The Court, therefore, orders Plaintiff to
22 respond to Defendant's Motion for Reconsideration to identify admissible evidence in the
23 record which he will use to establish his completion of improvements at trial.[2]

24

25
26   [2] In accordance with the Court's August 17, 2011 Sanctions Order, the evidence
    identified by Plaintiff must be evidence of one or more of the improvements summarized in
27  Exhibit "M." (*See* Doc. 59 at 1). Should Plaintiff identify evidence of improvements which
    were not summarized by Exhibit "M," such evidence is not admissible at trial and therefore
28  will not suffice to establish a genuine issue. (*See id.*).

1    The remaining arguments in Wells Fargo's motion are essentially requests that the

2    Court "rethink what [it] has already thought through." *Above the Belt, Inc.* 99 F.R.D. at 101.

3    Wells Fargo has not identified newly discovered evidence, clear error, manifest injustice, or

4    a change in controlling law with respect to these arguments. *See id.* Accordingly, the only

5    argument to which Plaintiff need respond is Defendant's damages argument, as detailed

6    above.

7    **IT IS THEREFORE ORDERED** that Plaintiff Steve Thomas shall have until **May**

8    **22, 2012**, to respond to Wells Fargo Bank, N.A.'s Motion for Reconsideration (Doc. 92).

9    Plaintiff's Response should be limited to 10 pages, not including any exhibits which Plaintiff

10   may wish to attach to the Response.

11   DATED this 8th day of May, 2012.

12

13

14                              G. Murray Snow
                               United States District Judge