**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Steve G. Thomas, | No. CV-10-901-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. |  |
| Wells Fargo Bank, National Association dba Wells Fargo Home Mortgage, et al., |  |
| Defendants. |  |

On April 2, 2012, the Court issued an Order granting in part and denying in part Defendant Wells Fargo's Motion for Summary Judgment.[1] (Doc. 90). On April 16, 2012 Defendant moved for reconsideration of the April 2 Order. (Doc. 92). On May 8, 2012, the Court directed Plaintiff Steve Thomas to respond to Well Fargo's motion. (Doc. 93). For the reasons discussed below, the motion for reconsideration is denied.

Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had

---

[1] The facts and background pertaining to this action are set out in much greater detail in the Court's April 2 Order. (Doc. 90).

already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983).

Wells Fargo contends that Plaintiff has not adequately established the damages element of his claims. (Doc. 92 at 6–9). Plaintiff has, indeed, failed to establish a genuine issue of material fact for most of his damages theories. (*See* Doc. 93). He has not, for instance, submitted evidence to support his claim that absent Wells Fargo's misapplication of the escrowed funds he would have been entitled to a tax deduction, or that he was damaged by having to pay interest on the escrowed funds or the Second Loan. Nor has he established a genuine issue that he is entitled to unjust enrichment or improper deficiency damages. He may not, therefore, advance these damages theories at trial. Plaintiff has, however, established a genuine issue of fact as to his "loss of personal liquidity" damages theory. (Doc. 54 at 5).

To succeed on this loss of personal liquidity theory at trial, Plaintiff must establish, among other things, a causal link between Wells Fargo's breach of the Escrow Agreement and Plaintiff's alleged loss of liquidity. Plaintiff must therefore identify admissible evidence that he completed a portion of the agreed-upon improvements. In his opposition to Defendant's motion for summary judgment, Plaintiff identified Exhibit "M" as the evidence of his completion of these improvements. (*See* Doc. 85 at 4). As noted by Wells Fargo in its motion for reconsideration, Exhibit M is a summary of evidence and does not, itself, constitute admissible evidence. (*See* Doc. 85 at 13). In directing Plaintiff to respond to Defendant's motion for reconsideration, the Court therefore instructed him to identify admissible evidence in the record which demonstrated his completion of the improvements. (Doc. 93).

On June 8, 2012, Plaintiff responded to Wells Fargo's motion for reconsideration. (Doc. 98). As part of his response, he attaches multiple invoices which he contends document many of the expenses he incurred in completing the improvements. (Doc. 98, Ex. 1). Many of these invoices were part of the record prior to the time when Wells Fargo moved for summary judgment. (*See* Doc. 58, Ex. A). A reasonable fact finder could determine, given

1  these invoices and Plaintiff's likely testimony in relation thereto, that Plaintiff completed at
2  least a portion of the agreed upon improvements. Plaintiff has therefore established a genuine
3  issue of fact for trial.

4  Wells Fargo contends that these invoices are inadmissible. It contends that some of
5  the invoices were not produced by Plaintiff during the course of discovery despite Wells
6  Fargo's requests for such documents. (Doc. 100). It further contends that other invoices are
7  either irrelevant or lack foundation and are unauthenticated. (*Id*.).

8  To be sure, to the extent the Court determines that an invoice was not produced by
9  Plaintiff upon a Wells Fargo discovery request, the Court is not likely to admit such evidence
10 at trial. Wells Fargo does not object on lack of production grounds, however, to many of the
11 invoices, arguing only that these invoices are irrelevant, lack foundation, and/or are
12 unauthenticated. (*See* Doc. 100). Having reviewed the invoices, the Court finds that many
13 of them are relevant to the question of whether Plaintiff completed the improvements. (*See*
14 Doc. 98, Ex. 1). In regards to Wells Fargo's authentication and foundation challenges,
15 Federal Rule of Evidence 901 states that "[t]o satisfy the requirement of authenticating or
16 identifying an item of evidence, the proponent must produce evidence sufficient to support
17 a finding that the item is what the proponent claims it is." The Rule further states that a
18 document can be authenticated based on the "appearance, contents, substance, internal
19 patterns, or other distinctive characteristics of the item." FED. R. EVID. 901(4). The
20 distinctive characteristics of many of Plaintiff's proffered invoices, such as the official
21 letterhead on which they are printed and the logos which they contain, are sufficient to
22 support a finding that these invoices are what Plaintiff claims they are. (*See* Doc. 98, Ex. 1).

23 The remaining arguments in Wells Fargo's motion are essentially requests that the
24 Court "rethink what [it] has already thought through." *Above the Belt, Inc.* 99 F.R.D. at 101.
25 Wells Fargo has not identified newly discovered evidence, clear error, manifest injustice, or
26 a change in controlling law with respect to these arguments. *See id.*

27
28 **IT IS THEREFORE ORDERED** that Wells Fargo's Motion for Leave to Reply in

Support of its Motion for Reconsideration (Doc. 99) is **GRANTED**.

**IT IS FURTHER ORDERED** that Wells Fargo Bank, N.A.'s Motion for Reconsideration (Doc. 92) is **DENIED**.

DATED this 26th day of July, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge